IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDRO JIMINEZ,<br>    Defendant,<br><br>    v.<br><br>UNITED STATES OF AMERICA | CRIMINAL ACTION<br><br>NO. 99-364-08 |

**Memorandum**

YOHN, J.                                                                                                                                                      November 12, 2009

**I. Introduction**

      Pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6), Pedro Jiminez moves for relief from his conviction and sentence for possession with intent to distribute and distribution of heroin (two counts), in violation of 21 U.S.C. § 841(a)(1). Jiminez argues that he is entitled to have these two counts vacated because they are lesser-included offenses of possession with intent to distribute and distribution of heroin within 1,000 feet of a playground in violation of 21 U.S.C. § 860, for which he was also convicted and sentenced on facts arising out of the same incidents. *See United States v. Jackson*, 443 F.3d 293, 300-02 (3d Cir. 2006). Alternatively, in his reply to the government's response, Jiminez asks that I construe his Rule 60(b) motion as a motion for a writ of *audita querela*. For the reasons explained below, I will treat the instant motion as a successive habeas motion under 28 U.S.C. § 2255, which I will dismiss without prejudice.

**II. Factual and Procedural History**

**A. Underlying Convictions and Appeals**

On September 8, 2000, a jury convicted Pedro Jiminez of various drug-related offenses: 1) membership in a drug organization that conspired to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846; 2) possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (two counts); and 3) possession with intent to distribute and distribution of heroin within 1,000 feet of a playground in violation of 21 U.S.C. § 860 and 18 U.S.C. § 2 (two counts). On January 31, 2001, I sentenced Jiminez to 169 months in prison for each of these counts, to run concurrently. I also imposed a fine and special assessment for each count.

Jiminez appealed. On motion by Jiminez and with the agreement of the government, the Third Circuit remanded his case for resentencing to determine the specific quantity of drugs attributable to him, even though that quantity had been set forth in the pre-sentence report, which was agreed to by the defendant and the government, and whose factual findings were adopted by the court at the sentencing hearing. On remand, I concluded, based on a determination of this quantity, that Jiminez was actually eligible under the guidelines for a higher sentence than the one I initially imposed. Nonetheless, in order to give Jiminez the benefit of any possible doubt and because he and the government had not objected to the amount of heroin set forth in the pre-sentence report at the initial sentencing or at the remand hearing, I reimposed the initial 169-month sentence.

On May 5, 2003, Jiminez filed a second direct appeal, alleging that I had improperly admitted prejudicial hearsay testimony at his trial and that I had erred in my determination of the quantity of drugs attributable to him. On October 23, 2003, the Third Circuit affirmed Jiminez's conviction and sentence.

**B. Previous Habeas Petition**

On January 24, 2005, Jiminez filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255. In this motion, Jiminez presented multiple claims of ineffective assistance of counsel and one claim based on the Supreme Court's decision regarding the Federal Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005). I denied Jiminez's § 2255 motion on November 29, 2005. I found that Jiminez's ineffective assistance of counsel claims were without merit and denied his *Booker* claim because that decision was not retroactively applicable on collateral review. *See Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005). Jiminez sought a certificate of appealability from the Third Circuit, which that court denied on June 9, 2006.

**III. Discussion**

On May 15, 2009, Jiminez submitted this *pro se* "Motion for Modification of Sentence Pursuant to Fed. R. Civ. P. 60(b)." The government filed a response to Jiminez's Rule 60(b) motion on August 17, 2009, and Jiminez submitted a reply on September 10, 2009. In his reply, Jiminez requested that, if Rule 60(b) is not the appropriate vehicle for his claims, the court should construe his motion as a petition for a writ of *audita querela*.

For the reasons that follow, I find that Jiminez's motion states a claim for habeas relief under 28 U.S.C. § 2255. Because Congress intended § 2255 to be the exclusive avenue for relief in cases such as the one at hand, Jiminez may not seek relief through either a Rule 60(b) motion or a petition for a writ of *audita querela*. I also conclude that offering Jiminez the option (as requested by the government), pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), to withdraw his motion, ask that it be ruled on as filed, or have the motion construed as a habeas motion under § 2255, would be pointless. Because he filed a previous § 2255 motion, which was denied on the merits, Jiminez is already barred by the AEDPA's restrictions on successive

habeas motions without prior approval from the Third Circuit. I will therefore construe Jiminez's Rule 60(b) motion as an unauthorized successive § 2255 motion and dismiss it as barred by the AEDPA.

**A. Rule 60(b)**

Federal Rule of Civil Procedure 60(b) permits a court, in some circumstances, to "relieve a party or its legal representative from a final judgment, order, or proceeding." Jiminez asserts that he is entitled to relief from his sentence under Rule 60(b)(5), which provides for relief from a final judgment or order when that judgment or order "has been satisfied, released, or discharged," is "based on an earlier judgment that has been reversed or vacated," or when "applying it prospectively is no longer equitable." Alternatively, Jiminez asserts that he is entitled to relief under Rule 60(b)(6), which provides for relief from a final judgment or order for "any other reason justifying relief from the operation of the judgment."

Because federal habeas proceedings are themselves civil in nature, a prisoner may in some circumstances seek relief under Rule 60(b) from a federal court's previous denial of a habeas motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).[1] However, such relief is only available "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules, including the gatekeeping provisions of the AEDPA.[2] *Id.* at 529 (alteration in original). As a result, a prisoner may not use a Rule 60(b) motion, ostensibly attacking denial of

---

[1] Although the holding in *Gonzalez* was limited to 28 U.S.C. § 2254 proceedings, *see id.* at 529 n.3, other courts that have addressed the issue have concluded that the reasoning in *Gonzalez* extends to § 2255 motions as well, *see United States v. Swint*, No. 94-276, 2005 U.S. Dist. LEXIS 25318, at **12-13 (E.D. Pa. Oct. 25, 2005) (listing cases addressing the question and finding that each "has reached the same conclusion").

[2] The Supreme Court based this conclusion on Federal Rule of Civil Procedure 81(a)(2) (current relevant language at 81(a)(4)) and on U.S.C.S. Sec. 2254 Proc. R. 11. *Gonzalez*, 545 U.S. at 529. Although the latter rule applies only to § 2254 proceedings, the rules applicable to § 2255 proceedings use identical language. U.S.C.S. Sec. 2255 Proc. R. 12.

4

the first habeas motion, as a vehicle to "add a new ground for relief" from the underlying conviction or to "attack[] the federal court's previous resolution of a claim *on the merits*." *Id.* at 532. Such use of Rule 60(b) would effectively circumvent the AEDPA's gatekeeping and procedural provisions. *Id.* at 531; *see also Pridgen v. Shannon*, 380 F.3d 721, 726 (3d Cir. 2004) (explaining that if prisoners could obtain "broader relief" from Rule 60(b) than that available through § 2255, "AEDPA's limitations on collateral attack would be set at naught" (quoting *Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002))). On the other hand, a defendant may use Rule 60(b) to attack denial of a previous habeas motion if the Rule 60(b) motion alleges some "defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532; *see also Pridgen*, 380 F.3d at 727 (holding that a prisoner's Rule 60(b) motion may attack the "manner in which the earlier habeas judgment was procured," but "not the underlying conviction").

The relief that Jiminez seeks—vacating his underlying conviction and sentence—is consistent with habeas relief and not with the relief available under Rule 60(b). Jiminez bases his Rule 60(b) motion on the Third Circuit's decision in *Jackson*, which held that a defendant may not be convicted and sentenced under both §§ 841(a)(1) and 860 for the same set of acts because § 841 is a lesser included offense of § 860.[3] *See Jackson*, 443 F.3d at 300-02. On its face, Jiminez's argument raises a "new ground for relief" from his underlying conviction and sentence. *Gonzalez*, 545 U.S. at 532. As a result, I must subject Jiminez's motion to the gatekeeping provisions of the AEDPA.

---

[3] Jiminez argues that the Third Circuit's holding in *Jackson* is a "significant change . . . in law" rendering prospective enforcement of his sentence inequitable. (Def.'s Mot. 5 (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992) (applying Rule 60(b)(5) to prospective consent decree).) Jiminez also argues that the *Jackson* decision constitutes an "extraordinary circumstance" justifying relief under Rule 60(b)(6). (Def.'s Mot. 8 (citing, *inter alia*, *Wilson v. Fenton*, 684 F.2d 249 (3d Cir. 1982)).

5

Because Jiminez has already filed one § 2255 petition attacking the same conviction and sentence, which was denied on the merits, he cannot file a second one without authorization from the appropriate court of appeals.[4] *See* 28 U.S.C. § 2255(h) (referring to 28 U.S.C. § 2244(b)(3)(A)). Without such authorization, the district court has no jurisdiction to consider a second petition. *Id.* § 2244(a). Jiminez has not obtained such authorization. I must therefore dismiss Jiminez's motion without prejudice for lack of jurisdiction. *See Pridgen*, 380 F.3d at 725. "[A] Rule 60(b) motion based on a purported change in the substantive law" governing the underlying conviction would "circumvent [the AEDPA's] dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"[5] *Gonzalez*, 545 U.S. at 531-32 (quoting 28 U.S.C. § 2244(b)(2)(A)).

Even if Jiminez's claim for relief were cognizable under Rule 60(b)(6), it would still be dismissed as untimely. Claims for relief under Rule 60(b)(5) and (6) must be made "within a

---

[4] The court of appeals may authorize only those successive motions that present either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable." 28 U.S.C. § 2255(h) (emphasis added).

[5] I further note that Jiminez overstates the degree to which *Jackson* constituted a change in the law. Jiminez argues that, before *Jackson*, it was "settled law" in the Third Circuit that sentencing a defendant under both §§ 860 and 841(a)(1) did not violate the Double Jeopardy clause. As a result, Jiminez argues that it would be unfair to expect him to have raised the double jeopardy argument in his first § 2255 motion. This does not, however, appear to be the case. In *Jackson*, the Third Circuit explained that it had simply "never authoritatively stated that § 841(a)(1) is a lesser-included offense of § 860(a)." *Jackson*, 443 F.3d at 301. It had, however, suggested as much in an unpublished case in 2004. *Id.* (citing *United States v. Romeu*, 117 F. App'x 827, 829 (3d Cir. 2004)). Moreover, a number of other circuits had concluded, well before Jiminez filed his first habeas motion, that § 841(a)(1) was a lesser-included offense of § 860(a). *See Jackson*, 443 F.3d at 301 (citing, *inter alia*, *United States v. Kakatin*, 214 F.3d 1049, 1051 (9th Cir. 2000); *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1507 (11th Cir. 1993); and *United States v. Scott*, 987 F.2d 261, 266 (5th Cir. 1993)).

6

reasonable time" after entry of the judgment from which relief is sought. Fed. R. Civ. P. 60(c). The district court has discretion in determining, on a "case by case basis," whether a Rule 60(b)(6) motion has been made within a "reasonable time." *Taylor v. Stewart*, No. 99-6643, 2001 U.S. Dist. LEXIS 10891, at *9 (E.D. Pa. July 11, 2001) (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660-61 (1st Cir. 1990)). Relevant considerations include "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *Boch Oldsmobile*, 909 F.2d at 661. Jiminez filed his Rule 60(b) motion over three years after the Third Circuit issued its opinion in *Jackson* and nearly three years after the Third Circuit denied a certificate of appealability with respect to his first habeas motion. Jiminez has presented no "good reason . . . for failing to take action sooner." *Id.* at 661; *see also Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a Rule 60(b)(6) motion was not filed within a reasonable time when it was filed nearly two years after the entry of the judgment sought to be reopened). Therefore, Jiminez's Rule 60(b) motion is untimely.

## B. *Audita Querela*

In the alternative, Jiminez requests that I consider his Rule 60(b) motion as a petition for a writ of *audita querela*. *Cf. Kessack v. United States*, No. C05-1828Z, 2008 U.S. Dist. LEXIS 7739 (W.D. Wash. Jan. 18, 2008). However, a petition for a writ of *audita querela* is also an inappropriate vehicle for Jiminez's claims.

The writ of *audita querela*, Latin for "the complaint having been heard," was a writ historically available to a "judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." *Black's Law Dictionary* 150 (9th ed. 2009). This writ is available at federal law via the All Writs Act, 28 U.S.C. § 1651(a). ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). The Federal Rules of Civil Procedure abolished the writ of *audita querela* in civil proceedings. Fed. R. Civ. P. 60(e); *see also Massey v. United States*, 581 F.3d 172, 172 (3d Cir. 2009) (per curiam).

In *Kessack*, a court in the Western District of Washington concluded that the writ of *audita querela* was available to a prisoner who wished to challenge his sentence, notwithstanding the facts that the prisoner had previously filed a § 2255 motion and that the prisoner's claim for relief was based on an intervening Supreme Court decision that was not retroactively applicable on habeas review. *Kessack*, 2008 U.S. Dist. LEXIS 7739, at *11-20.

The Third Circuit has rejected the reasoning in *Kessack*. *See Massey*, 581 F.3d at 172 n.2. As the Third Circuit explained, "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. . . . Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Id.* (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). Although the writ is "available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief," a "motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence." *Massey*, 581 F.3d at 172. A prisoner "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the [AEDPA] for filing a second or successive § 2255 motion to vacate sentence." *Id.* (citing *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."))
.

8

C. *Miller* **Considerations**

The government has asked that I send a notice to Jiminez inquiring whether he wishes to proceed under § 2255. *See United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999). The Third Circuit's holding in *Miller* requires the district court to warn a *pro se* prisoner of the AEDPA's time limitations and restrictions on successive motions before the court recharacterizes that prisoner's post-conviction motion as a § 2255 motion. *See id*. The district court must then allow the prisoner, thus informed, to withdraw his motion or to ask the district court either to rule on the motion as filed or to recharacterize it as a § 2255 motion. *Id.* Otherwise, the prisoner may find himself unwittingly barred by the AEDPA from filing a subsequent § 2255 petition. *Id.*

In this case, however, providing Jiminez with such notice would be an "exercise in futility." *United States v. Chew*, 284 F.3d 468, 471 (3d Cir. 2002). The rationale in *Miller* is inapplicable "when a habeas petitioner 'has already had one or more § 2255 motions dismissed on the merits, because the AEDPA leave-to-file requirement [in § 2244(b)(3)] is already applicable to him.'" *United States v. Enigwe*, 212 F. Supp. 2d 420, 428 (E.D. Pa. 2002) (quoting *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002)); *see also United States v. Hannah*, 174 F. App'x 671, 672 n.1 (3d Cir. 2006) (non-precedential per curiam opinion) (same). Accordingly, I find that the proper course of action is to characterize Jiminez's motion as a habeas motion under § 2255 and to dismiss it without prejudice as having been filed without the permission of the court of appeals. *See Enigwe*, 212 F. Supp. 2d at 428.

**V. Conclusion**

As discussed above, the instant motion is essentially a subsequent motion for post-conviction relief under 28 U.S.C. § 2255. The Third Circuit has not authorized Jiminez to file a subsequent habeas motion. I will therefore dismiss the motion without prejudice for lack of jurisdiction as having been filed without the authorization of the court of appeals.

/s/ William H. Yohn Jr.
William H. Yohn Jr., Judge